# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAWN M. LUDWIG,

       Petitioner,

     v.                                Case No. 12-C-0524

DEANNE SCHAUB, Warden
Taycheedah Correctional Institution,

       Respondent,

# DECISION AND ORDER

On May 24, 2012, pro se petitioner, Dawn M. Ludwig, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Based on her no contest plea, the petitioner was convicted of two counts of homicide by reckless use of a vehicle, three counts of first-degree recklessly endangering safety and one count of operating a motor verhicle while intoxicated (third offense). The petitioner challenges her December 5, 2007, conviction on two grounds: 1) Wis. Stat. §940.09 is unconstitutional and 2) her trial counsel was ineffective for failing to advise her that a medical condition she had might constitute an affirmative defense to the homicide charges and for failing to conduct an accident reconstruction.[1] (Petition for a Writ of Habeas Corpus [Petition] at 7-8).

---

[1] The petitioner's petition contained an additional ineffective assistance of counsel claim: her counsel was ineffective because he "[c]onvinced [her] to plead No Contest to three additional counts in order to be eligible for the Early Release Program that [she] was never going to be eligible for." (Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Petition] at 8) The respondent filed a motion to dismiss the action on October 8, 2012, because the record showed that the petitioner had never presented this third ineffective assistance of counsel claim to the state appellate courts. Subsequently, the petitioner moved to withdraw her unexhausted claim and just proceed with her exhausted claims. The court granted the motion on January 7, 2013.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes.  Venue is proper under 28 U.S.C. § 1391. The case was assigned to this court based on the consent of the parties pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

United States District Court Judge Rudolph T. Randa conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases and ordered the respondent to "file an answer or other appropriate response to the petition within sixty (60) days of the date of this Order."  (Decision and Order of August 7, 2012).  The respondent filed an answer on February 6, 2013.  The petition, which is fully briefed and ready for disposition, will be addressed herein.  Also before the court are the petitioner's Motions to Schedule a Sentence Hearing Regarding the Court's Ruling in the case.  (Docket ## 30, 31, 32, 34 and 36).

## **APPLICABLE LAW**

The habeas corpus statute was amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104-132, 100 Stat. 1214 (1996) which provides in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

2

28 U.S.C. § 2254(d).

This provision entitles federal courts, acting within their jurisdiction, to interpret the law independently, but requires them to refrain from "fine tuning" state court interpretations. Lindh v. Murphy, 96 F.3d 856, 870-877 (7th Cir. 1996), rev'd on other grounds, 521 U.S. 320 (1997). "Thus, although this court reviews the state court's legal conclusions and mixed questions of law and fact de novo, that review is 'tempered by AEDPA's deferential constraints.'" Hereford v. McCaughtry, 101 F. Supp. 2d 742, 746 (E.D. Wis. 2000) (quoting Sanchez v. Gilmore, 189 F.3d 619, 623 [7th Cir. 1999]).

A state court's decision is "contrary to . . . clearly established Federal law as established by the United States Supreme Court" if it is "substantially different from relevant [Supreme Court] precedent." Washington v. Smith, 219 F.3d 620, 628 (7th Cir. 2000) (quoting Williams v. Taylor, 529 U.S. 362, 404-05 [2000]). The court of appeals for this circuit recognized the narrow application of the "contrary to" clause:

> under the "contrary to" clause of § 2254(d)(1), [a court] could grant a writ of habeas corpus . . . where the state court applied a rule that contradicts the governing law as expounded in Supreme Court cases or where the state court confronts facts materially indistinguishable from a Supreme Court case and nevertheless arrives at a different result.

Washington, 219 F.3d at 628. The court went on to explain that the "unreasonable application of" clause was broader and "allows a federal habeas court to grant habeas relief whenever the state court 'unreasonably applie[d] [a clearly established] principle to the facts of the prisoner's case.'" Id. (quoting Williams, 529 U.S. at 413).

To be unreasonable, a state court ruling must be more than simply "erroneous" and perhaps more than "clearly erroneous." Hennon v. Cooper, 109 F.3d 330, 334 (7th Cir. 1997). Under the "unreasonableness" standard, a state court's decision will stand "if

3

it is one of several equally plausible outcomes." Hall v. Washington, 106 F.3d 742, 748-49 (7th Cir. 1997). In Morgan v. Krenke, the court explained:

> Unreasonableness is judged by an objective standard, and under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

232 F.3d 562, 565-66 (7th Cir. 2000) (quoting Williams, 529 U.S. at 411). Therefore, before a court may issue a writ of habeas corpus, it must determine that the state court decision was both incorrect and unreasonable. Washington, 219 F.3d at 628.

## RELEVANT FACTUAL BACKGROUND

The underlying crimes took place on U.S. Highway 41 in Wisconsin. The relevant facts were set forth by the Wisconsin Court of Appeals in its August 31, 2010, decision:

> In the early morning hours of June 25, 2006, Ludwig's motor vehicle was traveling southbound in the northbound lane of United States Highway 41. Another motorist honked his horn at Ludwig in attempt to get her attention, but Ludwig continued driving the wrong way without deviating or changing direction. Minutes later, Ludwig collided head-on with a vehicle traveling northbound, killing the two occupants of that vehicle.
>
> At the accident scene, sergeant Nathan Thompson noted that Ludwig's speech was "slurred" and "thick-tongued" and that she had difficulty controlling her fine motor skills. Ludwig told Officer Zachary Roush that she had consumed a few drinks before the accident. Officer Ryan Glime observed that Ludwig's eyes were red and her breath smelled of alcohol. A preliminary breath test indicated Ludwig has a .20% blood alcohol concentration.

(Answer to Petition for a Writ of Habeas Corpus [Answer], Exh. D at 2).

The petitioner pleaded no contest and was convicted of two counts of homicide by intoxicated use of a motor vehicle, three counts of first-degree reckless endangerment and one count of operating a motor vehicle while intoxicated, third offense. The petitioner

4

filed a post-conviction motion, asserting that her trial counsel was ineffective and that Wis. Stat. § 940.09 is unconstitutional. She also moved to withdraw her no contest plea, maintaining that it was not entered knowingly and voluntarily due to the ineffective assistance of her counsel. The trial court dismissed the petitioner's unconstitutionality claim and denied her ineffective assistance of counsel claim and her motion to withdraw her plea without a hearing. The petitioner appealed the judgment of conviction and the denial of her post-conviction motion.

The Wisconsin Court of Appeals affirmed the judgment and upheld the denial of the post-conviction motion, agreeing with the trial court that the motion failed to allege sufficient facts which, if true, would entitle the petitioner to relief. The petitioner filed a petition for review in the Wisconsin Supreme Court challenging the constitutionality of Wis. Stats. § 940.09. (Answer, Exh. E). The petitioner did not raise her ineffective assistance of counsel claim in her petition to the Wisconsin Supreme Court. Id. at 2-3. The petition was denied on January 11, 2011. (Answer, Exh. F).

The petitioner asserts the following grounds in her petition for a writ of habeas corpus: 1) Wis. Stat. § 940.09 is unconstitutional and 2) her trial counsel provided ineffective assistance because he failed to advise her that a medical condition she had might constitute an affirmative defense to the homicide charges and because he failed to conduct an accident reconstruction.

The petitioner argues that Wis. Stat. § 940.09(1)(a) is unconstitutional because it does not require a causal connection between the intoxicated condition of the operator and the death of another person. She also maintains that the affirmative defense provision of the statute violates her right to be presumed innocent and her Fifth

Amendment right against self-incrimination. Therefore, she argues that the affirmative defense does not cure the constitutional defect in the statute.

Section 940.09(1)(a) and (1c) of the Wisconsin Statutes states that any person who "[c]auses the death of another by the operation or handling of a vehicle while under the influence of an intoxicant" is guilty of a Class D felony. The statute "was designed to protect the public from a particular type of risk and harm, namely to hold accountable persons who become intoxicated, operate a motor vehicle and cause the death of another person." State v. Caibaiosai. 122 Wis.2d 587, 593, 363 N.W.2d 574 (1985). The statutory elements of the crime are: 1) the operation of a vehicle, 2) while under the influence of an intoxicant, and 3) which causes the death of another. Id. The statute, however, provides an affirmative defense if the defendant proves by a preponderance of the evidence that the death would have occurred even if the defendant had been exercising due care and had not been under the influence of an intoxicant. Wis. Stat. § 940.09(2)(a).

The court of appeals was not persuaded by the petitioner's arguments, explaining that the Wisconsin Supreme Court had considered these arguments and rejected them. The court of appeals stated:

> In **State v. Caibaiosai**, 122 Wis. 2d 587, 363 N.W. 2d 574 (1985), our supreme court considered and rejected the same constitutional arguments Ludwig now raises. **Caibaiosai** held that WIS. STAT. § 940.09(1)(a) is not rendered unconstitutional by its failure to require a causal connection between the defendant's intoxication and the victim's death. **Id.** at 593-94. **Caibaiosai** also held that the affirmative defense provision in § 940.09(2)(a) does not violate a defendant's Fifth Amendment right against self-incrimination. **Id.** at 596-98. The **Caibaiosai** majority did not adopt the dissent's belief that "the effect of § 940.09(2) is that the accused must prove himself or herself innocent." **Id.** at 606 (Abrahamson, J., dissenting). In 2005, the supreme court declined to overrule **Caibaiosai**,

6

noting, "Our reasoning in *Caibaiosai* is sound." ***State v. Fonte*** 2005 WI 77 ¶ 38, 281 Wis. 2d 654, 698 N.W.2d 594.

We are bound by prior Wisconsin Supreme Court decisions. ***State v. Lossman***, 118 Wis. 2d 526, 533, 348 N.W.2d 159 (1984). The Wisconsin Supreme Court is the only state court with the power to overrule, modify or withdraw language from a previous supreme court decision. ***Cook v. Cook***, 208 Wis. 2d 166, 189, 560 N.W.2d 246 (1997). We therefore decline Ludwig's request to "revisit" the constitutionality of WIS. STAT. § 940.09.

(Answer, Exh. D at 4).

In her brief in support of her petition, the petitioner asserts:

Wisconsin's Homicide by Intoxicated Use of a Vehicle Statute, 940.09, is unconstitutional in that it presumes guilt instead of innocence. It also shifts the burden of proof from the prosecutor to the defendant. This causes attorneys to misinform their clients who then cause defendants to prematurely waive their rights to a meaningful defense and unintelligently enter into a plea agreement that may or may not be in their best interest. Due process requires that the prosecution have (sic) the burden of proving each element required to establish the prime facie (sic) case to a crime charged. *Francis v. Franklin*, *471 U.S. 307, 105 S. Ct. 1965 (1985); Sandstrom v. Montana, 442 U.S. 510, 99 S. Ct. 2450 (1979); In re Winship, 397 U.S. 358, 90 S. Ct. 1068 (1970).* The United States Supreme Court holds that the element of causation is an essential (sic) in the prime facie (sic) case of homicide. *Patterson v. New York, 432 U.S. 197, 204, 97 S. Ct. 2319, 2324 (1977).* The prosecution should have the burden to prove causation beyond a reasonable doubt. WI Stat. 940.09 relieves them of this duty and places it squarely on the defendant. *Henderson v. Kibbe, 431 U.S. 145, 97 S. Ct. 1730 (1977).*

The issue of whether the holding in Caibaiosai violates federal law was addressed in Caibaiosai v. Barrington, 643 F. Supp. 1007 (W.D. Wis. 1986), a decision rendered prior to the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA). United States District Judge Barbara Crabb explained:

The issue raised by petitioner's challenge to § 940.09 is not whether the legislature made a wise choice in defining the offense, but whether the statute offends a fundamental principle of justice. Answering this question is a difficult task; indeed, determining the proper analytic framework is difficult, because "the existence of constitutional constraints on the substantive criminal law is largely terra incognita." It is significant that

> plaintiff can point to no case in which a court has invalidated a felony-murder conviction on constitutional grounds, although most felony-murder statutes require no proof of specific culpability with respect to murder. Generally, the state is required to prove only the culpability specified for the underlying crime. Despite scholarly criticism of such statutes that impose an additional penalty for the death of another without independent proof of blameworthiness for the death, the courts have not held them invalid.

Caibaiosai, 647 F. Supp. at 1012 (citations omitted). The court stated that if it was not fundamentally unfair to punish a defendant without proof that his intoxication caused the death, it also followed that than it is constitutionally permissible to require him to prove that the intoxication did not cause the death. Accordingly, the court concluded that § 940.09 did not violate the substantive protections of the due process clause. Id.

The constitutionality of Wis. Stat. § 940.09(1)(a) again was addressed in Fonte v. Jenkins, 2007 WL 1394156 (E.D. Wis. 2007), a case decided by United States District Judge William Griesbach after the enactment of AEDPA. Fonte was tried and convicted of violating Wis. Stat. § 940.09(1)(a) & (b). In affirming Fonte's conviction, the Wisconsin Supreme Court rejected his request to overrule Caibaiosai and, instead held that the statute was constitutional. In his habeas petition, Forte argued that Caibaiosai was contrary to clearly established federal law. Judge Griesbach disagreed. He concluded that the Wisconsin Supreme Court's rejection of Fonte's challenge to the constitutionality of § 940.09(1)(a) was neither contrary to, or an unreasonable application of clearly established federal law. He further observed:

> In enacting § 940.09(1)(a), the Wisconsin legislature has decided that people who choose to operate a motor vehicle while under the influence of an intoxicant should be held responsible for any death that is caused by their operation of such vehicle regardless of their state of mind. Fonte has failed to state any clearly established federal law that supports his contention that, in doing so, the Wisconsin legislature has exceed its authority under the United States Constitution. To the contrary, in *Patterson v. New York,* the Court explicitly recognized that "preventing and dealing

8

with crime is much more the business of the States than it is of the Federal Government . . . and that we should not lightly construe the Constitution so as to intrude upon the administration of justice by the United States. 432 U.S. 197, 201, 97 S. Ct. 2319, 53 L.Ed.2d 281(1977). And while the Court has recognized that statutes imposing strict criminal liability without a *scienter* requirement are generally disfavored, *Staples v. United States,* 511 U.S. 600, 605-06, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994), it has also held that "a criminal statute is not necessarily rendered unconstitutional because the legislature chose not to include the intent to violate the statute or regulation as an element of the crime." *Lambert v. California,* 355 U.S. 225, 228, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957).

. . .

   Driving a vehicle under the influence of an intoxicant is obviously conduct that endangers the safety of the public. To operate a motor vehicle in such a condition is a crime in itself, even when the operation of the vehicle does not cause the death of another. *See* Wis. Stat. § 346.63. Given the inherent danger of such conduct, and the absence of federal law to the contrary, I am unable to say that states may not hold individuals who operate a motor vehicle under the influence of an intoxicant strictly liable for any death caused by their operation. And since states are constitutionally free to impose strict liability under such circumstances, it necessarily follows that they do not violate the Constitution by allowing a driver to avoid liability if he is able to show that the death would have occurred even if he had not been under the influence and had been exercising due care. This apparent effort to ameliorate the perceived harshness of the statute does not render it unconstitutional. Accordingly, Fonte's claim that he is entitled to federal relief because § 940.09 is unconstitutional fails.


As in Fonte, the petitioner has failed to cite any clearly established federal law to support her contention that Wis. Stat 940.09(1)(a) is unconstitutional.  To the extent the petitioner relies on Sandstrom v. Montana, 442 U.S. 510 (1979) to support her position, her reliance is misplaced and in error.  In Sandstrom, the Court in prohibiting the use of conclusive presumptions on elements of a crime in state criminal cases, asserted that such presumptions violated the requirement that the State was required to prove each element of an offense beyond a reasonable doubt.  See also, In re Winship, 397 U.S. 358 1970).  The petitioner's comparison of her case to Sandstrom starts from the premise, which was rejected in Fonte and Caibaiosai, that Wis. Stat. § 940.09 requires the State to

9

prove that there is a direct and specific causal connection between a defendant's intoxication and the death of a person.

The petitioner also cites Patterson v. New York, 432 U.S. 197 (1977), in claiming that the State has the burden to prove causation beyond a reasonable doubt. The petitioner apparently believes and therefore argues that Wis. Stat. § 940.09(1)(a) eliminates the State's burden to prove causation altogether. Although the statute does not require proof that the driver's intoxication caused the victim's death, the statute does require the State to prove a causal connection between the wrong conduct and the result. As the Wisconsin Supreme Court stated in Caibaiosai: "Section 940.09 Stats., requires that the prosecution prove and the jury find beyond a reasonable doubt a causal connection between the defendant's unlawful conduct, operation of a motor vehicle while intoxicated, and the victim's death." 122 Wis. 2d at 594.

Patterson does not provide support for the petitioner's contentions. In Patterson, the Court declined "to adopt as a constitutional imperative . . . that a State must disprove beyond a reasonable doubt each fact constituting any and all affirmative defenses relating to the culpability of the accused." 432 U.S. at 210. As Judge Crabb explained in Caibaiosai: "The lesson to be drawn from *Patterson* is that when determining which facts must be proved beyond a reasonable doubt and which facts a defendant may be required to prove, the legislature's definition of the elements of the offense is usually dispositive." Section 940.09 requires only that the State prove as elements of the offense that the victim's death was caused by the operation of the vehicle while the driver was intoxicated, not that the driver's intoxication caused the victim's death.

The petitioner has not cited any clearly established federal law that supports her assertion that 940.09 is unconstitutional. The court concludes that Wisconsin Court of Appeals decision rejecting the petitioner's challenge to the statute was not contrary to, or involved an unreasonable application of, controlling Supreme Court law. Therefore, the petitioner is not entitled to habeas relief on this ground.

In the petition, the petitioner also alleges that her trial counsel was ineffective for failing to advise her that her medical condition might constitute an affirmative defense to the homicide charges and for failing to conduct an accident reconstruction. (Petition at 8).[2] The petitioner did not raise the ineffective assistance of counsel claims in her petition for review on direct appeal to the Wisconsin Supreme Court. (Answer, Exh. E at 2-3). She is no longer able to do so and, as a result, the petitioner has procedurally defaulted these claims.

To satisfy the exhaustion requirement of 28 U.S.C. §§ 2254(b)(1) and (c), a state prisoner must present her federal constitutional claims to a state supreme court in a petition for discretionary review. O'Sullivan v. Boerckel, 526 U.S. 838 (1999). Although the petitioner raised her ineffective assistance of counsel claims before the Wisconsin Court of Appeals, these claims were not included in her petition for review filed with the Wisconsin Supreme Court.

Federal courts may review defaulted claims only if the petitioner demonstrates (1) cause for the failure to raise them at the appropriate time and actual prejudice that

---

[2] In her brief to the Wisconsin Court of Appeals, the petitioner argued that her trial counsel also was ineffective for failing "to investigate the effects of Ms. Ludwig's pre-existing medical condition on her driving on the night of the incident." (Answer, Exh. A at 55). However, this claim was not raised in the petitioner's habeas petition and therefore, is not properly before this court. See Rules Governing Section 2255 Cases in the United States District Courts, Rule 2(c) which states in relevant part: "The petition must (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; [and] (3) state the relief requested." See also, Smith v. Fairman, 862 F.2d 630, 634-35 7th Cir. 1988).

resulted from such failure; or (2) that enforcing the default would lead to a fundamental "miscarriage of justice." Gomez v. Jaimet, 350 F.3d 673, 679 (7th Cir. 2003). See Wainwright v. Sykes, 433 U.S. 72, 87, 97 (1977). The Supreme Court has stated generally that "cause" for a procedural default exists only if "the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986).

In Murray, the Court provided a non-exhaustive list of objective factors that may impede compliance with a procedural rule, including (1) "interference by officials" that makes compliance impractical; (2) "a showing that the factual or legal basis for a claim was not reasonably available to counsel," or (3) ineffective assistance of counsel that caused the procedural default. Id. Moreover, a "fundamental miscarriage of justice" exists only if the petitioner can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 496. The fundamental-miscarriage-of-justice exception applies only in the "extremely rare" and "extraordinary case" where the petitioner is actually innocent of the crime for which she is imprisoned. Gomez, 350 F.3d at 679 (citing Schlup v. Delo, 513 U.S. 298 [1995]).

In this case, the petitioner has not addressed whether there is cause for her failure to raise the issue earlier or actual prejudice from her procedural default. See Wainwright, 433 U.S. at 91. In Schlup v. Delo, 513 U.S. 298 (1995), the Court set forth a test for determining whether the "fundamental-miscarriage-of-justice" exception applies. Pursuant to Schlup, a petitioner must show that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Id. at 327 (quoting Murray v. Carrier, 477 U.S. 478, 496 [1986]). "To establish the requisite probability, the petitioner

12

must show that it is more likely than not that no reasonable juror would have convicted him in light of new evidence." Id. Thus, the petitioner must show that: (1) new evidence exists; and (2) no reasonable juror would have convicted her in light of the new evidence. Id. This standard "ensures that the petitioner's case is 'truly extraordinary.'" Id. (citing McCleskey v. Zant, 499 U.S. 467, 494 [1991]).

Here, the petitioner has not shown cause and prejudice for the default or that enforcing the default would result in a fundamental miscarriage of justice. Therefore, the petitioner's petition will be denied as to her ineffective assistance of counsel claim.

Finally, in accordance with Rule 11 of the Rules Governing Section 2254 Cases as amended, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the application." "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 and n. 4 [1983]).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right

and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. As the Court explained, "[t]his construction gives meaning to Congress' requirement that a prisoner demonstrate substantial underlying constitutional claims and is in conformity with the meaning of the 'substantial showing' standard provided in Barefoot, 463 U.S. at 893, and n.4, and adopted by Congress in ADEPA." Slack, 529 U.S. at 484.

In this case, reasonable jurists would not find the court's decision to deny the petition on procedural or substantive grounds debatable or wrong. Thus, the court will deny a certificate of appealability as to the petitioner's claims.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that this petition for a writ of habeas corpus be and hereby is **denied.**

**IT IS ALSO ORDERED** the petitioner's motion to schedule a sentence hearing regarding the court's rulings filed January 1, 2014, be and hereby is **denied as moot.** (Docket #30).

**IT IS ALSO ORDERED** that the petitioner's motion to schedule a sentencing hearing regarding the court's rulings filed February 4, 2014, be and hereby is **denied as moot.** (Docket #31).

**IT IS FURTHER ORDERED** that the petitioner's motion to schedule a sentencing hearing regarding the court's rulings filed February 26, 2014, be and hereby is **denied as moot.** (Docket #32).

**IT IS ALSO ORDERED** that the petitioner's motion to schedule a sentencing hearing regarding the court's rulings filed April 24, 2014, be and hereby is **denied as moot.** (Docket #34).

**IT IS ALSO ORDERED** that the petitioner's motion to schedule a sentencing hearing regarding the court's rulings filed June 3, 2014, be and hereby is **denied as moot.** (Docket #36).

**IT IS FURTHER ORDERED** that this action be and hereby is dismissed

**IT IS ALSO ORDERED** that a certificate of appealability shall not issue as to any of the petitioner's claims.

**FINALLY, IT IS ORDERED** that the Clerk of Court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 10th day of July 2014.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge